IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TATE,

       Petitioner,                   No. CIV S-07-2802 MCE EFB P

       vs.

DERRAL G. ADAMS,[1] Warden,

       Respondent.                ORDER

_____/

       Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition appears to be second or successive. Thus, petitioner must show either that the petition is not second or successive or that he has obtained permission from the appellate court to proceed.

       Before a federal district court may entertain a second or successive petition, the petitioner must obtain permission from the appellate court. 28 U.S.C. § 2244(b)(3)(A). A petition is second or successive if it challenges a judgment challenged in a prior petition and it presents

---

[1] Since filing his application for habeas relief, petitioner has been transferred to Corcoran State Prison. Accordingly, the warden of that facility, Derral G. Adams, is hereby substituted as the respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1


1. claims that were or could have been adjudicated on the merits in an original petition. *Cooper v.
2. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). In the present action, petitioner challenges his
3. December 8, 2000, conviction of burglary and resisting arrest. As grounds for relief, he asserts
4. the following: (1) California's determinate sentencing law is unconstitutional as applied to him
5. in this case; and, (2) the trial court violated his rights by excluding him from a hearing on
6. whether counsel competently could represent petitioner. The court has examined its records, and
7. finds that petitioner challenged the same conviction in case number Civ. S-02-2337 MCE GGH
8. P. In that action, petitioner alleged that: (1) the trial court abused its discretion when it permitted
9. introduction of prior bad acts evidence against petitioner; (2) the trial court abused its discretion
10. when it denied petitioner's motion to testify; (3) counsel was ineffective by failing to investigate
11. and challenge the evidence of prior bad acts; (4) the trial court improperly granted petitioner's
12. motion to represent himself; (5) the trial court improperly denied petitioner's motion for a
13. continuance; and (6) the prosecution committed misconduct by withholding materially
14. exculpatory evidence. Although petitioner did not in his original petition present the grounds he
15. presents here, he could have presented them. Therefore, the court finds that the petition in this
16. action is second or successive. *See Cooper*, 274 F.3d at 1273 ("Because Cooper was aware of
17. the factual predicate of this claim long ago and could have raised the claim in his first petition,
18. his claim is "second or successive."). Petitioner offers no evidence that the Ninth Circuit Court
19. of Appeals has granted him leave to file this petition.

20. Accordingly, it hereby is ORDERED that petitioner shall, within 30 days of the date this
21. order is served, demonstrate either that this petition is not second or successive or submit
22. evidence that the appellate court has given him permission to proceed on the petition.
23. /////
24. /////
25. /////
26. /////

Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed upon the ground that petitioner seeks to proceed on an unauthorized second or successive petition.

Dated: February 26, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE